UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00222(A)-MCS-All |
|---|---|
| Plaintiff, | **ORDER RE: MOTION FOR RECONSIDERATION** |
| v. | |
| SI OH RHEW et al., | |
| Defendants. | |

1

Defendants Si Oh Rhew, Lance Rhew, and C'est Toi Jeans, Inc., move for reconsideration of the Court's order denying their motion to recuse. (Mot. for Recons.; *see* Notice of Manual Filing, ECF No. 498; Order Re: Mot. for Recusal, ECF No. 496.) Defendants argue that the Court incorrectly resolved their predicate motion for recusal because the predicate motion was timely and their waiver of the recusal issue was uninformed. (Mot. for Recons. 2–5.) The Court deems the motion appropriate for decision without oral argument.

The Court denies the motion for three independent reasons. First, the motion fails to comply with the Court's standing order, which requires motions to be set for hearing with 14 days' notice. (Initial Standing Order § F.) Although the Court surmises the motion is time-sensitive—Defendants filed the motion on the Friday before their Monday sentencing—Defendants have not availed themselves of the Court's ex parte procedures, which might have provided the Government with an opportunity to present a written brief in response.

Second, the motion fails to present cognizable grounds for reconsideration. The Court applies the reconsideration standard of Local Civil Rule 7-18. *See* C.D. Cal. Crim. R. 57-1 ("When applicable directly or by analogy, the Local Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified."); *see also, e.g.*, *United States v. Navarro*, No. 5:22-cr-00063-JWH, 2024 U.S. Dist. LEXIS 122174, at *5 (C.D. Cal. July 11, 2024) ("Although the Federal Rules of Criminal Procedure do not explicitly provide for it, a district court may hear a motion for reconsideration in a criminal case. Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." (internal quotation marks and citations omitted)). That rule provides only three grounds upon which a motion may be brought:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration

at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. R. 7-18. "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols. Inc.*, No. CV 12-6284 GAF (Ex), 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013) (collecting cases).

Here, Defendants present no material difference in fact or law, no emergence of new facts or law, and no manifest showing of the Court's failure to consider material facts. Instead, Defendants lodge their disagreement with the Court's conclusions on the waiver and timeliness issues. (Mot. for Recons. 2–5.) Mere disagreement is not a basis for reconsideration. *See, e.g.*, *Tabi v. Lazovsky*, No. 2:17-cv-01795-MRA-JC, 2024 U.S. Dist. LEXIS 182781, at *4 (C.D. Cal. Aug. 20, 2024) ("Motions for reconsideration are not to be used to ask the Court to rethink what it has already thought through—rightly or wrongly." (cleaned up)); *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988) (disagreement with a court's analysis or rulings is insufficient to warrant reconsideration).

Third, even if the Court were to credit Defendants' arguments in the instant motion, the Court's disposition of the predicate motion would be unchanged. The instant motion takes umbrage with the Court's decision on the "threshold problems" of waiver and untimeliness with Defendants' predicate motion. (Order Re: Mot. for Recusal 5; *see* Mot. for Recons. 2–5.) But the Court's order also addressed and rejected all Defendants' substantive arguments for recusal. (Order Re: Mot. for Recusal 5–7.) Defendants' reconsideration motion offers no reason for the Court to revisit its decision on those issues, which alone justify maintaining the ultimate ruling.

///

The motion is denied. Sentencing will proceed as scheduled.

**IT IS SO ORDERED.**

Dated: September 29, 2025

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

The motion is denied. Sentencing will proceed as scheduled.

**IT IS SO ORDERED.**

Dated: September 29, 2025

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

4